UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DONALD WILLIAMS                           CIVIL ACTION NO. 11-cv-1881

VERSUS                                    JUDGE WALTER

JESSIE SCRIBER, ET AL                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Donald Williams ("Plaintiff") is a self-represented prisoner housed at the David Wade Correctional Center. He filed this civil rights action against several prison officials based on allegations he was denied out-of-cell exercise for several months. Defendants have filed a Motion for Summary Judgment (Doc. 42), and Plaintiff has filed his own Motion for Summary Judgment (Doc. 46). For the reasons that follow, it is recommended that Plaintiff's motion be denied and that Defendants' motion be granted.

**Summary Judgment Burdens**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for

either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

Those are the burdens that apply in the typical case where a defendant moves for summary judgment. Plaintiff, who bears the burden of proving his claims at trial, has also filed a motion in this case. His burden is different. He must establish evidence that would entitle him to judgment as a matter of law if it went uncontroverted at trial. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d. 1257, 1264 (5th Cir. 1991); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999). There is no burden on the non-moving party until after the moving party meets this burden. Bailey v. McDonnell Douglas Corp., 989 F.2d 794, 800 (5th Cir. 1993).

**Relevant Facts**

Plaintiff alleges that he was deprived of any opportunity for exercise beginning April 15, 2011 after he was disciplined to loss of yard and recreation privileges. Plaintiff alleges that he was confined to his 6' by 9' cell for 23 hours and 50 minutes per day. There is no evidence of how long Plaintiff was subjected to the loss of yard and recreation privileges, but

he has alleged various lengths of time in his submissions. The longest is an allegation of 24 weeks contained in his Motion for Summary Judgment. Doc. 46-2, p. 2.

Plaintiff alleges that he did not get even an opportunity to walk the tier and, because of the lack of exercise, has suffered from physical and psychological damages. He claims to suffer from claustrophobia, aching joints, irregular bowel movements, diminished vision, and paranoid schizophrenia as a result. He did not, however, submit any competent summary judgment evidence to support those allegations.

Defendants have not offered an affidavit or other evidence that describes the reason for the discipline or the length and conditions of the confinement. The only evidence they submit relevant to such matters is a certified copy of the administrative proceedings that followed Plaintiff's filing of a grievance. Those documents indicate that Asst. Warden Angie Huff investigated the complaint by requesting information from Col. Lonnie Nail, the South Compound unit manager. Huff accepted Nail's written response in which he adamantly denied Plaintiff's allegations. Nail noted Plaintiff had been offered the opportunity for recreation every seven days, which was more often than the every 10 days suggested by state policy for offenders who are sanctioned to loss of yard and recreation while on disciplinary detention/extended lockdown. Nail stated that documentation indicated Plaintiff exercised his right to recreation on the very date cited in his grievance. He described Plaintiff's allegations as "blatantly false and without merit." Huff accepted this statement and noted that Plaintiff had not provided any tangible evidence to substantiate his claims nor any reason to discredit Nail's statement.

An exercise sheet indicates that Plaintiff was allowed outside for 50 minutes on October 8, 2011. The court is not sure of how to interpret the notes on the exercise sheet, but there appears to be an indication that Plaintiff perhaps also received yard and recreation benefits on October 5, 2011. Another notation seems to suggest that his loss of privileges continued until December 18, 2011.

Defendants also submitted hundreds of pages of Plaintiff's medical records. They represent that these records indicate that Plaintiff has not been on continuous cell confinement at David Wade since April 2011 because he has been transferred to the Elayn Hunt Correctional Center "on several occasions" since then. They do not specify whether any of those transfers happened during the period in 2011 that is at issue here. Defendants also state that the records show that the majority of Plaintiff's medical complaints were associated with threats of suicide, dental complaints, self-imposed hunger strikes, foot pain, and refusal to accept medication or medical care. Plaintiff has, however, submitted a copy of a healthcare request form where he complained of aching body joints, diminished vision, and irregular bowel movements. The treatment comment noted that Plaintiff had been on extreme suicide watch for several days prior, and many of the medical records indicate that he was often held in a restraint chair during such periods.

Another request form dated November 13, 2012 complained of stress, anxiety, depression, headaches, and muscle cramps due to denial of fresh air and exercise. The treatment comment noted that Plaintiff was being restricted from yard privileges due to behavior. It appears to indicate that the medical issues had nothing to do with the

disciplinary issue. Disposition was: "No treatment needed." Another request form offered by Plaintiff dated November 15, 2012 makes similar complaints. The assessment noted that Plaintiff was on loss of yard privileges but "allowed yard time on weekends." Doc. 46-3, pp. 7-9.

**Analysis**

To establish an Eighth Amendment violation for conditions of confinement, an inmate must show that the alleged violation was sufficiently serious, i.e., that it deprived him of the most minimal level of life's necessities. Farmer v. Brennan, 114 S.Ct. 1970 (1994); Wilson v. Seiter, 111 S.Ct. 2321 (1991). Exercise is "an identifiable human need," such as food and warmth, deprivation of which may violate the Eighth Amendment. Wilson, 111 S.Ct. at 2327. The Fifth Circuit has evaluated such claims on a case-by-case basis using the following criteria: (1) the size of the inmate's cell; (2) the amount of time the inmate spends locked in his cell each day; and (3) the overall duration of the inmate's confinement. Hewitt v. Henderson, 271 Fed. Appx. 426, 428 (5th Cir. 2008).

The inmate must also show that a named defendant acted with deliberate indifference to his health or safety. That requires he show that the prison official subjectively knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Farmer, 114 S.Ct. at 1984. Deliberate indifference is "an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

A prisoner presented a similar claim in Hernandez v. Velasquez, 522 F.3d 556 (5th Cir. 2008) after he was placed in protective lockdown status and denied all outdoor and out-

of-cell exercise privileges for 13 months. He described his cell as 5' by 9', usually shared with another inmate. He was allowed to leave the cell only for showers, medical appointments, and family visits. Prison officials did provide the inmate with information on how to perform in-cell exercises. He nonetheless claimed that his muscles had atrophied and he had lost his range of movement and flexibility. The inmate filed grievances, and prison officials responded that he had to be kept on lockdown for safety and security reasons related to gang activity. The Fifth Circuit affirmed summary judgment for the prison officials based on a finding the inmate could not show deliberate indifference as required by Farmer; there was no record evidence the inmate was ever placed at substantial risk of serious harm.

Plaintiff describes his cell as 6' by 9', which is a little larger than the cell in Hernandez, and there is no indication that Plaintiff had to share his cell. Defendants do not dispute Plaintiff's allegation that he was generally held in the cell for all but 10 minutes each day, with that time presumably for a shower break. The ability of the court to properly resolve this case would have been dramatically improved had Defendants offered affidavits regarding matters such as the specific number of weeks Plaintiff was held in segregation and the dates on which he was permitted an opportunity for outdoor or other exercise. There are some indications in the ARP record that Plaintiff was allowed such opportunities, but there is no affidavit testimony on that point or other aspects of Plaintiff's confinement. Similarly, Defendants have offered hundreds of pages of medical records and made brief assertions about their contents, but they have not offered an affidavit from any health professional. That would be extremely beneficial, considering that the medical records are primarily

handwritten and often contain abbreviations that are difficult for the court to decipher. Defendants in similar cases usually offer an affidavit from a nurse or a physician who testifies regarding the details of the relevant medical entries. Doing so in the future will reduce the burden on the court.

Defendants could have filed a better supported motion, but their filings are enough to warrant summary judgment in their favor. They offer indications that Plaintiff was allowed weekly exercise opportunity. Plaintiff has not offered competing summary judgment evidence to contest that representation. Defendants challenge Plaintiff's complaint for not including any allegation that any of the named defendants had any personal involvement in Plaintiff's cell confinement. Plaintiff has not offered evidence to show such a connection. Plaintiff did present evidence that he complained to medical staff about health concerns that he attributed to his confinement status, but he has not pointed to any medical evidence in which a health professional agreed with his claim that his loss of yard and recreation privilege caused the symptoms he complained of. Given the lack of competing evidence presented by Plaintiff, the summary judgment record leaves no genuine dispute as to any fact that might, if resolved in Plaintiff's favor, result in a verdict for Plaintiff.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Summary Judgment (Doc. 46)** be **denied**, Defendants' **Motion for Summary Judgment (Doc. 42)** be **granted**, and all claims against all Defendants be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of April, 2014.



Mark L. Hornsby
U.S. Magistrate Judge